UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DEMARLON J. LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1371 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND OPINION**

Now before the Court is Petitioner Demarlon J. Lewis' ("Petitioner" or "Lewis") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] Pursuant to 28 U.S.C. §§ 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court must undertake a preliminary review of the Petition to determine whether or not it could have merit. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also* Rule 1(b) (allowing the application of Rule 4 to all types of habeas corpus cases). Because it plainly appears from the Petition that the Petitioner is not entitled to relief, Petitioner's § 2241 Petition is SUMMARILY DISMISSED.

**I. BACKGROUND**

In 2008, a jury found Lewis guilty of one count of conspiracy to distribute five or more kilograms of cocaine and one count of attempt to possess cocaine with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). *See* Pet. at pp. 2 (Doc.

---

[1] Citations to documents filed in this case are styled as "Doc. __."

1

1); *United States v. Lewis,* No. 06-cr-50074, Judgment (d/e 184) (N.D. Ill. Aug. 14, 2008).[2]

Lewis' offense was related to a sting operation by the government, whereby an undercover agent and an informant proposed robbing a stash house that held 20 kilograms of cocaine. *See* Pet. at pp. 2 (Doc. 1); *United States v. Lewis,* 350 F. App'x 74, 75 (7th Cir. 2009). Neither the stash house nor the cocaine actually existed. *Id.*

The jury found that in excess of five kilograms of cocaine was involved. *See Lewis,* 350 F. App'x at 75. An information was also filed pursuant to 21 U.S.C. § 851, related to Lewis' prior conviction for possessing a controlled substance in the Circuit Court of Cook County, Illinois, Case No. 04-CR-2432401. *Lewis,* No. 06-cv-50074, Information (d/e 102) (N.D. Ill Apr. 21, 2008). As a result of this prior conviction and the finding that in excess of five kilograms was involved, his statutory minimum sentence became at least twenty years imprisonment and his maximum sentence was up to life imprisonment. 21 U.S.C. § 841(b)(1)(A). The district judge sentenced Lewis to prison for a term of 300 months. *Id.* His sentence was later reduced to 241 months under section 3582, in light of U.S.S.G. Amendment 782. *Lewis,* No. 06-cv-50074, Order (d/e 279) (N.D. Ill Sept. 28, 2015).

On appeal, Lewis challenged the quantity of drugs involved and argued that the jury's finding that his crime involved at least five kilograms of cocaine was not supported by sufficient evidence. *United States v. Lewis,* 350 F. App'x 74, 76 (7th Cir. 2009). He also challenged the district court's denial of his motion for a bill of particulars. *Id.* The Seventh Circuit affirmed Lewis' conviction and sentence. *Id.* at 77.

---

[2] Pursuant to Fed. R. Evid. 201(b)(2), the Court takes judicial notice of the electronic records, dockets, and court decisions available through the PACER system for various United States Courts of Appeals and United States District Courts.

On October 15, 2010, Lewis filed a motion to vacate, set, aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective, that the jury instructions were incorrect regarding the distinction between a conspiracy to rob versus a conspiracy to distribute drugs, and that there was insufficient evidence of the drug amount. *Lewis v. United States,* No 10-cv-50297 (N.D. Ill. May 24, 2011). His motion was denied and his appeal to the Seventh Circuit was dismissed. *Lewis v. United States*, No. 11-2644 (7th Cir. Nov. 21, 2011).

Lewis next filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Illinois, arguing actual innocence and raising similar issues to those in his § 2255 motion. *Lewis v. Cross*, No. 13-cv-1284, 2014 WL 65361. (N.D. Ill. Jan. 8, 2014). The court dismissed his petition, finding it did not fall within the § 2255(e) savings clause. *Id.* Petitioner then filed a § 2241 Petition in the United States District Court for the Central District of California asserting the same claim, and it was also dismissed. *Lewis v. Johnson*, No. 14-4993, Order (d/e 10) (C.D. Cal. Jan. 14, 2015).

On September 19, 2016, Lewis filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255 based on the sentencing court's alleged error of not trying to avoid unwarranted disparities between similarly situated defendants and by treating the guideline range as mandatory. *Lewis v. United States,* No. 16-3467 (7th Cir. Oct. 3, 2016). The Seventh Circuit denied the Petition, finding "[n]either contention relies on new facts or a new constitutional rule and, thus, § 2444(b)(2) bars authorization." *Id.*

Shortly after, on December 12, 2016, Petitioner filed another application seeking authorization to file a successive § 2255 motion in the Seventh Circuit, which was denied on

3

December 16, 2016. *Lewis v. United States*, No. 16-4124 (7th Cir. Dec. 16, 2016). He again wanted to "challenge his sentence, this time arguing that the jury did not find the facts necessary for his sentence." *Id.* However, the Court found that the cases relied on by Lewis could not be the basis for authorization under § 2255(h)(2) because some were not Supreme Court cases and none were "new" in the sense required for authorization because they had been decided before Lewis' previous application. *Id.* The Seventh Circuit also noted that, while Lewis cited to *Burrage v. United States*, 571 U.S. 204, 134 S.Ct. 881 (2014), they saw "no possible application of *Burrage* to Lewis (who did not receive a sentence enhancement for distributing drugs that resulted in a death)." *Id.*

Lewis also filed a motion pursuant to Rule 60(b)(6) in his original § 2255 case, which was denied due to the court's finding that it was a "successive section 2255 motion in disguise." *Lewis,* No. 10-cv-50297, Order (d/e 29) (N.D. Ill. Mar. 7, 2018).

On October 10, 2018, Lewis filed the instant Petition (Doc. 1). He alleges that, in light of *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013), and *Burrage*, he is actually innocent of the sentencing enhancement he received under 21 U.S.C. § 841(b)(1)(A). This Order follows.

## II.  LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C.

§ 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. DISCUSSION

Lewis argues that his Petition falls into the § 2255(e) savings clause because it relies on *Burrage v. United States*, 571 U.S. 204, 134 S.Ct. 881 (2014). In *Burrage*, the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury. *Id.* at 218–19. The Seventh Circuit has held that *Burrage* is a statutory interpretation case and retroactive on collateral review. *See Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016); *Prevatte v. Merlak*, 865 F.3d 894, 895 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Sept. 28, 2017). Therefore, claims relying on *Burrage*

5

meet the first prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." *Prevatte*, 865 F.3d at 895.

However, the Court finds that Petitioner's claims, to the extent they are coherent, do not rely on or relate to the holding in *Burrage*. Lewis was not sentenced under the "if death results" enhancement that *Burrage* confronted, but rather an enhancement for having a prior conviction for a felony drug offense[3] and an enhancement for there being an excess of five kilograms of cocaine involved. The Seventh Circuit already informed Lewis that it saw "no possible application of *Burrage* to Lewis." *See Lewis v. United States*, No. 16-4124 (7th Cir. Dec. 16, 2016). Lewis has included a more detailed explanation in the instant § 2241 Petition as to why he believes *Burrage* applies, but the Court finds it unconvincing and largely incoherent. Even if *Burrage* potentially impacts sentencing enhancements other than "if death results" enhancements, the Court finds it is not the ones under which Lewis was sentenced.

Lewis' main argument appears to be that he should not have been subject to the enhancements because they were not submitted to the jury. Pet. at pp. 6 (Doc. 1) ("The Petitioner contends that *Burrage* applies to his case because the penalty provision of 841(a)(1), (851) was found by the Court and not the jury."). However, the *Burrage* holding did not address these enhancement, nor did it address what elements need to be submitted to a jury. "The *Burrage* holding is not about who decides a given question (judge or jury) or what the burden of proof is (preponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved." *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016). To the extent Petitioner seeks to rely on *Alleyne* to make this argument, it also fails as *Alleyne* is not retroactive on collateral review. *See Crayton v. United States,* 799 F.3d 623, 624 (7th Cir. 2015). Further,

---

[3] Lewis refers to this enhancement as the "21 U.S.C. § 851 enhancement."

6

"*Alleyne* does not require the fact of a prior conviction to be found by a jury," *United States v. Garrett*, 757 F.3d 560, 574 (7th Cir. 2014) (citing *Alleyne* 133 S.Ct. at 2160 n. 1; *United States v. Boyce,* 742 F.3d 792, 799 (7th Cir.2014)), and the jury did make the finding that an "excess of five kilograms of cocaine was involved." Therefore, no error has occurred with regard to this claim either. Accordingly, the Court finds that Lewis' claim fails to fall within the § 2255(e) savings clause and must be dismissed.

Lewis also appears to argue that the "possession with intent to distribute" element was not properly found by the jury due to erroneous jury instructions. He argues that the jury did not find the facts necessary for his sentence because they "were not given any instruction or special verdict form in regard to the manner and means the drugs were going to be distributed." Pet. at pp. 11 (Doc. 1). He does not elaborate on what those instructions should have been, but may be arguing that the jury should have been required to make a finding that Lewis would have committed the crime in the absence of the sting operation.[4] Regardless, this argument has no connection to *Burrage.* He seeks to rely on *United States v. Claybrooks*, 729 F.3d 699, 704 (7th Cir. 2013), to make this argument, but there is no clear connection between this case and Lewis' argument. *Claybrooks* rejected the defendant's sufficiency of the evidence claim and also held that the district court did not make an adequate drug quantity finding at the sentencing hearing when "the court disputed the reliability of the testimony supporting a substantial part of the PSR's drug quantity finding, and it did not provide any alternative evidentiary rationale to make up for the deficiency." *Claybrooks,* 729 F.3d at 706. This holding does not apply to Lewis' case because the jury made the finding that there was five kilograms or more of cocaine involved and his sentence was based on that finding. As this argument does not rely on *Burrage* and Petitioner

---

[4] The bulk of his argument would most logically be considered a sufficiency of the evidence claim. However, Lewis states that he is "under no circumstances" asserting such a claim. Pet. at pp. 11, n. 1 (Doc. 1).

7

has not pointed to any other case that would allow the claim to fall within the § 2255(e) savings clause, it also must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is SUMMARILY DISMISSED with prejudice. This case is CLOSED.


Signed on this 29th day of January, 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge